| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) )SS | IN CIRCUIT COURT |
| COUNTY OF HUGHES | ) | SIXTH JUDICIAL CIRCUIT |

IMAGINE, LLC,

    Plaintiff,

vs.       COMPLAINT

**NORMAN H. LESLIE, Individually, and doing business as LEXSTAR DEVELOPMENT AND CONSTRUCTION, ROBERT LESLIE, Individually, and doing business as LEXSTAR DEVELOPMENT AND CONSTRUCTION, LEXSTAR DEVELOPMENT AND CONSTRUCTION COMPANY, LLC, and PRAIRIE DESIGN STUDIO, LTD.,**

    Defendants.

    COMES NOW the Plaintiff, Imagine, LLC, by and through its attorney of record, John W. Burke, and for its causes of action states and alleges as follows:

### PARTIES/JURISDICTION

    1.    That Imagine, LLC ("Owner Imagine") is, and at all times relevant to this matter was, a limited liability company duly organized and existing under the laws of the state of South Dakota, with its principle place of business in Pierre, South Dakota.

    2.    That Defendant Norman H. Leslie is, and at all times relevant to this matter was, a resident of the state of North Dakota, and jointly does business as Lexstar Development and Construction ("Lexstar Development").

    3.    That Defendant Robert Leslie is, and at all times relevant to this matter was, a resident of the state of North Dakota, and jointly does business as Lexstar Development.

4.  That Defendant Lexstar Development & Construction Company, LLC ("Lexstar Development, LLC") is, and at all times relevant to this matter was, a limited liability company duly organized and existing under the laws of the state of North Dakota, with its principle place of business in Fargo, North Dakota.

5.  That Defendant Prairie Design Studio, Ltd. ("Defendant Prairie Design") is, and at all times relevant to this matter was, a corporation duly created and existing under the laws of the state of North Dakota, with its principle place of business in Horace, North Dakota.

6.  That because there is diversity of residence and citizenship between Owner Imagine and all of the Defendants, and because the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. 1332.

## GENERAL ALLEGATIONS

7.  That during the early months of 2007, Mark Foster met with Defendant Norman Leslie to discuss the construction of a Settle Inn & Suites hotel in Fargo, North Dakota ("the Fargo Settle Inn").

8.  That during their discussions, Mr. Foster relayed his vision of constructing approximately ten Settle Inn & Suites hotels in North Dakota, South Dakota, and Wyoming.

9.  That Defendant Norman Leslie expressed significant interest in the projects, and proceeded to explain the benefits of his involvement. Among other things, Defendant Norman Leslie advised Mr. Foster that: (a) he and his father, Defendant Robert Leslie, owned and operated a construction company, Lexstar Development and Construction, that specialized in large commercial construction projects; (b) that Defendant Robert Leslie could manage the construction of the Settle Inn & Suite hotels and he, Defendant Norman Leslie, could provide operational management; (c) that he owned a company, National Hospitality Services, Inc., that

2

could provide professional management services for the Fargo Settle Inn as well as other future hotels; and (d) that Defendant Robert Leslie's experience and prior dealings afforded significant negotiating power with subcontractors.

10. That based upon Defendants Norman and Robert Leslie's representations and accounts of their experience, Owner Imagine placed great trust in and reliance upon the Defendants, and agreed to collaborate with them in the construction of the Fargo Settle Inn. Defendants Robert and Norman Leslie would provide "turn-key" services, providing not only management of the construction of the Fargo Settle Inn, but management and installation of the furniture, fixtures and equipment as well.

11. That the Fargo Settle Inn would be owned by Owner Imagine.

12. That on September 28, 2007, Owner Imagine and Defendant Lexstar Development and Construction entered into a contract for the construction of the Fargo Settle Inn ("the contract"). The architect for the Fargo Settle Inn project was Kim Stokes of Defendant Prairie Design.

13. That with the exception of financing, Lexstar Development would control all aspects of the Fargo Settle Inn project, including, but not limited to:

(a) Securing, negotiating with, and contracting with all subcontractors;

(b) Applying for and securing all necessary permits;

(c) Formulating and creating the construction timelines and schedules;

(d) Creating the budgets for construction and furniture, fixtures and equipment;

(e) Hiring Defendant Prairie Design Studio as the architect;

(f) Providing design of plans and drawings;

  (g) Scheduling work to be performed and management of the project; and

  (h) Paying all subcontractors.

14. That construction of the Fargo Settle Inn commenced in the fall of 2007, with the representation that the exterior of the structure would be enclosed before snowfall.

15. That during the early part of April of 2008, Owner Imagine advised Defendants Leslies and Defendant Lexstar Development in writing of its unwillingness to continue with a "fluid" contract on the Fargo Settle Inn project and that a Guaranteed Maximum Price as called for in the contract would need to be established for the Fargo Settle Inn project for the project to continue. This written notification was contemporaneously also provided to the architect, Defendant Prairie Design.

16. That later that month, Defendants Leslies and Defendant Lexstar Development calculated a Guaranteed Maximum Price for the Fargo Settle Inn project and determined a proposed date of Substantial Completion for the project.

17. That although both the Guaranteed Maximum Price for the Fargo Settle Inn project and the date of Substantial Completion proposed by Defendants Leslies and Defendant Lexstar Development well exceeded the original price and date provided by Defendants Leslies and Defendant Lexstar Development, Owner Imagine agreed to the same.

18. That, thereafter, the parties executed a *Modification and Amendment to Contract Documents*, whereby, among other things, the contract was amended to provide for the following:

  (a) "The Contractor shall achieve substantial completion of the entire Work no later than October 27, 2008" (later extended to November 18, 2008);

  (b) "There shall be liquidated damages in the amount of $3,000.00 per day in

      the event Contractor fails to complete the Work on time . . . ;" and

    (c) "The sum of the Cost of the Work and the Contractor's Fee is guaranteed by the Contractor not to exceed $5,448,799.07, subject to additions and deductions by Change Order as provided in the Contract Documents."

  19. That during the development and construction of the Fargo Settle Inn, the Defendants failed to honor the parties' contract, made numerous mistakes and/or failed to provide workmanlike performance, and made misrepresentations to Owner Imagine.

  20. That Defendants Robert and Norman Leslie secured a contingent *Certificate of Occupancy* on January 9, 2009.

  21. That on or about February 5, 2009, Defendants Robert and Norman Leslie and Lexstar Development advised Owner Imagine that they were unwilling to honor neither the Guaranteed Maximum Price that had been agreed to, nor the liquidated damages provided for in the *Modification and Amendment to Contract Documents* previously executed by the parties.

  22. That as a direct and proximate result of the Defendants' failure to honor the parties' contract, numerous mistakes and/or unworkmanlike performance, and misrepresentations, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

### COUNT 1 - BREACH OF CONTRACT

  23. Owner Imagine hereby incorporates by reference Paragraphs 1 through 22, inclusive, as though they were fully set forth herein.

  24. That when the Defendants entered into the contract and the subsequent *Modification and Amendment to Contract Documents*, they became contractually bound to Owner Imagine to take certain actions and perform certain work.

  25. That the Defendants breached the parties' contract and the subsequent

*Modification and Amendment to Contract Documents* in at least the following respects:

    (a)    Although Section 3.1.2 of the contract provides that "[t]he Contractor shall perform the Work in accordance with the Contract Documents," unauthorized alterations, substitutions, and deletions were made without the knowledge or approval of Owner Imagine, including but not limited to, the following:

- Roof sheathing was substituted with a lesser quality product without the knowledge or approval of Owner Imagine;
- Wall thermostats for guest rooms were deleted without the knowledge or approval of Owner Imagine;
- The cedar ceiling to be installed in the pool room was deleted; and
- Dura-rock was not installed beneath the wall tile in the pool room.

    (b)    Although Section 4.2.2 of the contract provides that "[t]he Architect, as a representative of the Owner, will visit the site at intervals appropriate to the stage of the Contractor's operations (1) to become generally familiar with and to keep the Owner informed about the progress and quality of the portion of the Work completed, (2) to endeavor to guard the Owner against defects and deficiencies in the Work, and (3) to determine in general if the Work is being performed in a manner indicating that the Work, when fully completed, will be in accordance with the Contract Documents:"

- The project has not had any of the protection afforded by an architect as outlined above.

    Defendant Prairie Design's lack of attendance and/or negligence resulted in, among other things, roof sheathing being installed that does not meet specifications, the cedar ceiling in the pool room not being installed, Dura-rock not being installed beneath the wall tile in the pool room, and the pool room roof not being designed to accommodate snowdrift loading.

(c)  Although Section 4.2.5 of the contract provides that "[b]ased on the Architect's evaluations of the Contractor's Application for Payment, the Architect will review and certify the amounts due the Contractor and will issue Certificates for Payment in such amounts:"

- The architect, Defendant Prairie Design, has never approved draw requests; and
- Due to an improper review of draw requests, Lexstar Development and certain subcontractors have been overpaid.

(d)  Although Section 4.2.8 of the contract provides that "[t]he Architect will prepare Change Orders and Construction Change Directives, and may authorize minor change in the Work as provided in Section 7.4:"

- Certain Change Orders generated by Lexstar Development, and not Defendant Prairie Design, were agreed to.

(e)  Although Section 9.3.3 of the contract provides that "[t]he Contractor warrants that title to all Work covered by an Application for Payment will pass to the Owner no later than the time of payment," and that "all Work for which Certificates of Payment have been previously issued and payments received from the Owner shall, to the best of the Contractor's

knowledge, information and belief, be free and clear of liens, claims, security interests and encumbrances . . . ," liens were filed against the Fargo Settle Inn by certain subcontractors, including All-American Plumbing & Heating and Dittmer Concrete.

(f) Although *Modification and Amendment to Contract Document* provides for "liquidated damages in the amount of $3,000.00 per day in the event Contractor fails to complete the Work on time," and the Defendants failed to timely complete the Fargo Settle Inn, the Defendants have failed to remit such liquidated damages.

26. That as a direct and proximate result of the Defendants' breach of the parties' contract, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

### COUNT 2 - BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE

27. Owner Imagine hereby incorporates by reference Paragraphs 1 through 26, inclusive, as though they were fully set forth herein.

28. That the parties' contract contained an implied warranty that the Defendants would perform their work in a skillful, careful, diligent, and workmanlike manner and that the completed project would be reasonably fit for its intended purpose.

29. That the Defendants breached this implied warranty by failing to perform their work in a skillful, careful, diligent, and workmanlike manner, and by failing to complete the Fargo Settle Inn such that it was reasonably fit for its intended purpose.

30. That, as a direct and proximate result of the Defendants' breach of this implied warranty, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

## COUNT 3 - NEGLIGENCE

31. Owner Imagine hereby incorporates by reference Paragraphs 1 through 30, inclusive, as though they were fully set forth herein.

32. That the Defendants had a duty to use reasonable care in the development and construction of the Fargo Settle Inn.

33. That the Defendants breached this duty of care in connection with the development and construction of the Fargo Settle Inn.

34. That as a direct and proximate result of the Defendants' negligence, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

## COUNT 4 – FRAUD

35. Owner Imagine hereby incorporates by reference Paragraphs 1 through 34, inclusive, as though they were fully set forth herein.

36. That the Defendants carried out certain acts designed to deceive Owner Imagine, including, but not limited to, the following:

  (a) Accepting payments for certain work and not remitting the same to the appropriate subcontractors;

  (b) Making unauthorized alterations, substitutions, and deletions without the knowledge or approval of Owner Imagine;

  (c) Substituting the proper roof sheathing with a lesser quality, and less expensive, product, without the knowledge or approval of Owner Imagine;

  (d) Deleting wall thermostats for guest rooms without the knowledge or approval of Owner Imagine;

  (e) Refusing to honor the Guaranteed Maximum Price as set forth in the

     *Modification and Amendment to Contract Documents*; and

  (f) Refusing to pay liquidated damages as set forth in the *Modification and Amendment to Contract Documents*.

37. That in carrying out such acts, the Defendants:

  (a) Suggested as a fact, things that were not true and which they did not believe to be true;

  (b) Made positive assertions, in a manner not warranted by the information in their possession, or of things that were not true, though they may have believed such things to be true;

  (c) Suppressed things that were true, despite having knowledge of such facts;

  (d) Made promises without any intention of performing the same; and/or

  (e) Made representations and carried out certain acts designed to deceive.

38. That, in the alternative, even if the Defendants lacked actual fraudulent intent, the Defendants misled Owner Imagine to Owner Imagine's prejudice and, in doing so, breached certain duties owed to Owner Imagine and gained an advantage to the Defendants.

39. That as a direct and proximate result of the Defendants' fraud, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

40. That the Defendants' conduct was outrageous, malicious and/or willful and wanton, thereby entitling Owner Imagine to punitive damages to punish, and make an example of, the Defendants.

### COUNT 5 – NEGLIGENT MISREPRESENTATION

41. Owner Imagine hereby incorporates by reference Paragraphs 1 through 40, inclusive, as though they were fully set forth herein.

42. That the Defendants had a financial interest in the Fargo Settle Inn project.

43. That in the course of the development and construction of the Fargo Settle Inn, the Defendants negligently supplied false information to Owner Imagine, including, but not limited to:

   (a) Accepting payments for certain work and not remitting the same to the appropriate subcontractors;

   (b) Making unauthorized alterations, substitutions, and deletions without the knowledge or approval of Owner Imagine;

   (c) Substituting the proper roof sheathing with a lesser quality, and less expensive, product, without the knowledge or approval of Owner Imagine;

   (d) Deleting wall thermostats for guest rooms without the knowledge or approval of Owner Imagine;

   (e) Refusing to honor the Guaranteed Maximum Price as set forth in the *Modification and Amendment to Contract Documents*; and

   (f) Refusing to pay liquidated damages as set forth in the *Modification and Amendment to Contract Documents*.

44. That the Defendants supplied such information intending and knowing that Owner Imagine would rely upon the information.

45. That Owner Imagine acted reasonably in relying upon the information, to its detriment.

46. That as a direct and proximate result of the Defendants' negligent misrepresentation, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

## COUNT 6 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47.　Owner Imagine hereby incorporates by reference Paragraphs 1 through 46, inclusive, as though they were fully set forth herein.

48.　That the parties' contract contained an implied covenant of good faith and fair dealing.

49.　That the Defendants breached this covenant of good faith and fair dealing.

50.　That as a direct and proximate result of the Defendants' breach, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

## COUNT 7 – BREACH OF FIDUCIARY DUTY (DEFENDANTS LESLIES)

51.　Owner Imagine hereby incorporates by reference Paragraphs 1 through 50, inclusive, as though they were fully set forth herein.

52.　That Defendant Robert Leslie and Defendant Normal Leslie, as members of Owner Imagine, each owed a fiduciary duty to Owner Imagine. This fiduciary duty required, among other things, that Defendants Leslies exhibit a high degree of diligence and due care, exercise the utmost good faith and fair dealing, and act for the benefit and in the interests of Owner Imagine and the other members of Owner Imagine.

53.　That Defendants Leslies breached their fiduciary duties to Owner Imagine and its other members by, among other things:

    (a)　Breaching the parties' contract and the subsequent *Modification and Amendment to Contract Documents* as described above to serve their personal interests and/or the interests of their business ventures;

    (b)　Making the false representations described above to serve their personal interests and/or the interests of their business ventures.

54. That as a direct and proximate result of Defendants Leslies' breach of their fiduciary duties, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

55. That Defendants Leslies' conduct was outrageous, malicious and/or willful and wanton, thereby entitling Owner Imagine to punitive damages to punish, and make an example of, Defendants Leslies.

### COUNT 8 – NEGLIGENCE (DEFENDANT PRAIRIE DESIGN)

56. Owner Imagine hereby incorporates by reference Paragraphs 1 through 55, inclusive, as though they were fully set forth herein.

57. That Defendant Prairie Design had a duty to possess that degree of knowledge and skill ordinarily possessed by architects of good standing engaged in the same line of practice in the same or similar locality.

58. That Defendant Prairie Design had a duty to use that care and skill ordinarily exercised under similar circumstances by members in good standing of the architectural profession engaged in the same line of practice in the same or similar locality and to be diligent in an effort to accomplish the purpose for which it was employed.

59. That Defendant Prairie Design breached this duty of care in connection with the architectural design of the Fargo Settle Inn.

60. That as a direct and proximate result of the Defendant Prairie Design's negligence, Owner Imagine has suffered, and is continuing to suffer, pecuniary injury.

WHEREFORE, Owner Imagine respectfully requests that this Court enter a judgment against the Defendants, jointly and severally, granting the following relief:

(a) General, special, punitive damages to be proven at trial;

(b) Any and all costs and disbursements incurred in this action, including attorney's fees;

(c)  Pre and post-judgment interest; and

(d)  For such other and further relief as the Court may deem equitable and just under the circumstances.

Dated this ____ day of June, 2009.

                           THOMAS BRAUN BERNARD & BURKE, LLP

By: _____
     John W. Burke
     4200 Beach Drive – Suite 1
     Rapid City, SD 57702
     Tel: 605.348.7516
     Fax: 605.348.5852
     E-mail: jburke@tb3law.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES**